IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN GONZALES,

        Petitioner,

 vs.                                            No. CIV 09-590 JH/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

**ORDER DIRECTING PETITIONER
TO SUBMIT NOTICE TO THE COURT**

       This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on June 15, 2009 [Doc. 1]. Respondents filed their Answer [Doc. 8] on July 15, 2009. Petitioner Martin Gonzales ("Gonzales") challenges the judgment and sentence entered by the Thirteenth Judicial District Court in State v. Gonzales, No. D-1329-CR-03-0057 (County of Sandoval, New Mexico).

       Following a jury trial, Gonzales was convicted of 36 counts of Criminal Sexual Penetration (First Degree), 25 counts of Criminal Sexual Penetration (Second Degree), 61 counts of Criminal Sexual Contact of a Minor, and 61 counts of Kidnapping. After finding that certain counts merged with others, the court sentenced Gonzales to 18 years for each of the 36 CSP (First Degree) counts, and 9 years for each of the 25 CSP (Second Degree) counts, all sentences to run consecutively with no portion suspended, for a total sentence of 873 years. [Doc. 8, Ex. A].

       Gonzales raised three issues in his direct appeal in the state courts: (1) denial of right to a speedy trial; (2) ineffective assistance of counsel in that trial counsel failed to put on any defense and failed to file a Notice of Appeal; and (3) cruel and unusual punishment in that Gonzales received an 873-year sentence after a two-day trial. [*See*, Appellant's Brief in Chief, Doc. 8, Ex.G]. The

sentencing issue was raised by appellate counsel "pursuant to Mr. Gonzales' wishes" under State v. Franklin, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and State v. Boyer, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985) [Id., at 26].  Those cases provide that counsel has a duty to raise contentions advanced by defendant, even if counsel believe the contentions to be without merit.

The issues raised in Gonzales's direct appeal are the same three issues raised in his present federal habeas petition.

On February 5, 2008, the New Mexico Court of Appeals affirmed Gonzales's conviction, specifically rejecting the three contentions of speedy trial violation, ineffective assistance of counsel, and cruel and unusual punishment in sentencing. [Doc. 8, Ex. J].

Gonzales's appellate counsel filed a Petition for Writ of Certiorari with the New Mexico Supreme Court on February 19, 2008, asserting the same three grounds argued before the Court of Appeals. [Doc. 8, Ex. K].  Counsel set forth each of the three contentions in the "Questions Presented for Review" section of the Petition.  With respect to the sentencing issue, counsel noted: "Defendant-petitioner maintains his arguments regarding cruel and unusual punishment in sentencing, and does not abandon them, but does not specifically argue them in this Petition due to page limits." [Id., at 2].  No further argument was made on this issue in the body of the Petition.

On March 14, 2008, the state supreme court denied Gonzales's application for certiorari in a summary Order with no discussion of the issues. [Doc. 8, Ex. L].

The record supplied to the Court by Respondents shows that Gonzales filed a Petition for Writ of Habeas Corpus in the state district court on March 27, 2009 (hereinafter referred to as the "March 27 petition") [Doc. 8, Ex. N].  That petition raises the following issues: exculpatory evidence requires a new trial; the government was guilty of a "Massiah" violation; and a possible third claim having to do with a "Bond."  These issues were not raised in Gonzales's direct appeal, and they are not part of the instant federal petition.

In addition, Gonzales states that he filed an earlier state habeas petition, apparently on January 6, 2009  (hereinafter referred to the "January 6 Petition"), raising other issues not raised in

2

his direct appeal nor in this federal petition, including "denial of full discovery through subpoena duces tecum"; "failure to disclose evidence"; and "denial of witnesses." The record supplied by Respondents does not include documentation of any such a petition. None of the issues which Gonzales says were raised in a January 6, 2009 petition was presented on direct appeal nor in the instant federal habeas petition.

Gonzales and Respondents both state that the March 27 Petition is still pending in state court. Gonzales asserts that the January 6 Petition is also still pending. In their Answer, Respondents note as follows:

> Respondents submit and alert this Court that it is unclear whether Petitioner is aware and understands that the two new claims [*i.e.*, those asserted in the March 27 Petition] may be pursued in the state courts but may not be raised and reviewed in another, later federal habeas corpus petition . . . . For example, if the Petition [*i.e.,* this federal petition] is dismissed and Petitioner raises the two new claims now pending in state courts in a federal habeas corpus proceeding, the claims may not be reviewable because the second petition filed in federal court may be a second or successive petition. 28 U.S.C. § 2244.

[Doc. 8, at 5].

This is an accurate statement, and it applies as well to the claims raised in the January 6 Petition, if such a petition exists, since those claims are not mentioned in the current federal petition. Respondents suggest that one alternative available to Gonzales is to dismiss this federal petition, then refile it when the new claims have been exhausted in state court, "subject to any other procedural limitations imposed by 28 U.S.C. § 2254." [Doc. 8, at 5-6]. Respondents note, accurately, that "[a]ny decision about the procedural posture of the Petition and the consideration of the pending state habeas corpus petition should be made by Petitioner." [Id., at 6].

Respondents also assert that the three claims raised in the current federal petition were exhausted in state court, although Respondents note further that there may be an issue as to whether the third claim, for cruel and unusual punishment in sentencing, was fully exhausted. The Court finds that all claims raised in Gonzales's federal habeas petition have been exhausted by presentation to the highest state court on direct appeal. Smith v. Atkins, 678 F.2d 883, 884 (10th Cir. 1982);

Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir. 1988) ("If Osborn presented the substance of his claims to the Wyoming Supreme Court on direct appeal, the availability of a post-conviction petition or further original petition in the supreme court would be irrelevant").

Gonzales's claim for cruel and unusual punishment in sentencing was clearly raised in the petition for certiorari filed with the New Mexico Supreme Court, counsel advising the supreme court that the issue was meant to be raised therein and that Gonzales did not intend to abandon it, even though no specific argument would be made in the petition. Counsel stated that the decision to forgo specific argument of that issue was made to devote the limited space to arguing the two claims which counsel felt had more merit. This was appropriate.

> [C]ounsel may legitimately comment on issues raised at the insistence of the client to make the brief on those issues counsel wants to raise more forceful . . . Counsel should raise and argue with vigor any issues that, in counsel's judgment, merit such treatment. If clients want other issues raised, counsel should present them pursuant to Franklin and Talley.

State v. Boyer, 103 N.M. at 658, 660. The New Mexico Supreme Court has also noted:

> Appointed counsel should set forth contentions urged by a petitioner whether or not counsel feels they have merit *and whether such contentions are in fact argued by counsel* . . . . We do not mean by anything we have said to intimate that counsel is required to *argue* any contention advanced by a prisoner which counsel believes to be without merit. [Emphasis added].

State v. Franklin, 78 N.M. at 129.

The state supreme court's order on the petition for certiorari did not include any discussion, but the supreme court noted that it had considered the petition and, being sufficiently advised, denied it in full. This Court thus finds that the sentencing issue was not abandoned by Gonzales, that it was part of the appeal and was decided by the state's highest court, and that it is therefore exhausted.

As Gonzales has not presented any claims to this Court other than the three that were decided in his direct appeal, the Court could proceed to resolve those claims at this time. However, Respondent points out that Gonzales has raised other claims in one (or perhaps two) state habeas

petitions, and those claims could be precluded from later federal review by the rules surrounding "second or successive" petitions, if the current case proceeds to resolution.

The Court cannot act as an advisor to Petitioner and does not intend to dictate his decision in this matter. Rather, the Court suggests that Petitioner review the rules regarding "second or successive" petitions in 28 U.S.C. § 2244(a) and (b), and pay close attention to the statute of limitations for filing federal petitions, 28 U.S.C. § 2244(d)(1).

Petitioner should be aware that he may follow the suggestion of Respondents and voluntarily dismiss this federal petition and re-file it after the state courts resolve any new claims he may have pending in state habeas proceedings, so that he may include those new claims in his federal petition without running into the "second or successive petition" issues.

Petitioner should also be aware, however, that if he chooses voluntarily to dismiss his federal petition at this point so as to include all claims in a federal petition after resolution of the state proceedings, he will have to re-file the federal petition promptly after the state habeas proceeding is resolved in order to meet the statute of limitations deadline set in 28 U.S.C. § 2244(d). Although this limitations period stops running during any period in which a properly-filed application for state habeas review is pending, nevertheless, a substantial portion of the one-year period had already expired in this case before Petitioner commenced his state habeas proceedings. The limitations period will not begin anew once the state proceedings are terminated; rather, it will pick up where it left off. If Petitioner chooses to avoid statute of limitations problems by proceeding with the current petition as it stands at present, any issues regarding "second or successive petition" will be resolved at a later date, if and when they arise.

As noted above, the Court cannot advise Petitioner in this matter. However, Gonzales will be given time within which to notify the Court whether he wishes to proceed with his federal habeas petition as it stands, or whether he wishes dismiss it voluntarily it while awaiting termination of the state habeas proceedings with due attention paid to the limitations period for federal habeas petitions.

## **Order**

IT IS THEREFORE ORDERED that Petitioner must notify the Court, on or before August 12, 2009, whether he wishes to proceed with this federal habeas petition. If he chooses to dismiss the petition, he should file a Motion for Voluntary Dismissal within the time stated.

IT IS FURTHER ORDERED that, if the Court does not receive a response from Petitioner by the stated deadline, the case will continue as initially pled and will be decided in due course.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge