IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN GONZALES,

        Petitioner,

  vs.                                                                    No. CIV 09-590 JH/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 15, 2009.  Petitioner Martin Gonzales ("Gonzales") challenges the judgment and sentence entered by the Thirteenth Judicial District Court in State v. Gonzales, No. D-1329-CR-03-0057 (County of Sandoval, New Mexico).

    2.  Following a jury trial, Gonzales was convicted of 36 counts of Criminal Sexual Penetration (First Degree), 25 counts of Criminal Sexual Penetration (Second Degree), 61 counts of Criminal Sexual Contact of a Minor, and 61 counts of Kidnapping.  After finding that certain counts merged with others, the court sentenced Gonzales to 18 years on each of the 36 CSP (First Degree) counts, and 9 years for each of the 25 CSP (Second Degree) counts, all sentences to run consecutively with no portion suspended, for a total sentence of 873 years. [Doc. 8, Ex. A].

    3.  Gonzales raised three issues in his direct appeal in the state courts: (1) denial of right to

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If not objections are filed, no appellate review will be allowed.

a speedy trial; (2) ineffective assistance of counsel in that trial counsel failed to put on any defense and failed to file a Notice of Appeal; and (3) cruel and unusual punishment in that Gonzales received an 873-year sentence after a two-day trial. [*See*, Appellant's Brief in Chief, Doc. 8, Ex. G].

4. The issues raised in Gonzales's direct appeal in state court are the same three issues raised in his present federal habeas petition.

5. On February 5, 2008, the New Mexico Court of Appeals affirmed Gonzales's conviction, specifically rejecting the three contentions of speedy trial violation, ineffective assistance of counsel, and cruel and unusual punishment in sentencing. [Doc. 8, Ex. J]. On March 14, 2008, the state supreme court denied Gonzales's application for certiorari. [Doc. 8, Ex. L].

6. As discussed in the Court's Order of July 21, 2009 [Doc. 9], the Court finds that all of the claims asserted in Gonzales's federal habeas petition were exhausted in the state courts by presentation to the highest state court on direct appeal. Smith v. Atkins, 678 F.2d 883, 884-85 (10th Cir. 1982); Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir. 1988).

7. Gonzales has a habeas petition pending in the state courts of New Mexico; however, the claims he asserts in that petition are not the same as the claims he now asserts in this federal petition.[2] The Court advised Gonzales of the possibility that the claims still awaiting decision by the state courts might be precluded by the "second or successive petition" rule if he later wishes to bring those claims to federal court. The Court gave him the option of dismissing the instant claims and awaiting the results of the state habeas proceeding, and Gonzales notified the Court that chose instead to proceed with the present federal petition. *See*, Order Directing Petitioner to Submit Notice to the Court [Doc. 9], and Petitioner's response thereto [Doc. 12], inaccurately labeled a "Motion for Decision on Whether or Not to Dismiss Voluntarily." The Court will therefore address the three exhausted claims which Gonzales raises in this petition.

---

[2]The Court was advised by Respondents on August 6, 2009 that a second state habeas petition filed by Gonzales does not relate to the conviction under review here. *See*, Doc. 13.

Discussion

8. All three of Gonzales's federal claims were clearly adjudicated on the merits in the state courts. A federal habeas petition raising such claims must be dismissed unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as set forth by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

> [H]abeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals. On the contrary, we have long insisted that federal habeas courts attend closely to those considered decisions, and give them full effect when their findings and judgments are consistent with federal law.

Williams v. Taylor, at 383.

9. To justify federal habeas relief, the decision must not only have been erroneous, but also unreasonable. Williams v. Taylor, at 411; Thomas v, Gibson, 218 F.3d 1213, 1220 (10th Cir. 2000).

10. The rulings of the state appellate court affirming Gonzales's conviction and rejecting his claims of denial of speedy trial, ineffective assistance of counsel, and cruel and unusual punishment in sentencing, were neither erroneous nor unreasonable and therefore do not meet the strict Williams standards for federal habeas relief. They neither constitute decisions that are contrary to or involve an unreasonable application of clearly established federal law as determined by the Supreme Court, nor do they represent an unreasonable determination of the facts in light of the evidence presented.

*Claim One: Speedy Trial*

11. In this federal petition, Gonzales asserts that the State unreasonably delayed in bringing him to trial, in spite of the many motions he filed requesting a speedy trial. [Doc. 1, at 6]. In a lengthy and well-reasoned opinion, the New Mexico Court of Appeals rejected Gonzales's contention that his speedy trial rights were violated due to the two-year delay between the date of

his arrest on January 23, 2003 and the time of his trial on January 26, 2005. [Doc. 8, Ex. J].

12. The court of appeals cited State v. Plouse, 133 N.M. 495, 506, 64 P.3d 522, 533 (Ct. App. 2003) for the proposition that a court must balance four factors in determining whether a speedy trial violation has occurred: (1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. The Plouse court noted that these four factors are taken from the Supreme Court case of Barker v. Wingo, 407 U.S. 514, 530 (1972).

13. The court of appeals then analyzed each of the factors. The court affirmed the trial court's ruling that Gonzales's case was "complex," given the number of charges, the fact that 37 of the charges were first degree felonies, and fact that the offenses occurred over a five-year period. The court then went on to hold that the 24-month delay between arrest and trial was presumptively prejudicial in a complex case under New Mexico law. This finding triggered further inquiry into the remaining factors.

14. With respect to the reasons for the delay, the court found that the defense was responsible for much of the delay. The court further rejected Gonzales's argument that the delays were caused by his counsel and he did not agree to them, the court noting that the delays worked to the benefit of the defense.

15. With respect to the factor of assertion of the right, the court noted that Gonzales's *pro se* assertion of his speedy trial right did not occur until nearly 21 months after the date of his arrest. The court further held that, "[e]ven if we weighed this factor in Defendant's favor, it would be outweighed by the factors of reasons for the delay and prejudice." [Doc. 8, Ex. J, at 10].

16. With respect to the factor of prejudice to the defendant, the court found that although Gonzales presumptively suffered some measurable anxiety and concern over the extended period of pretrial incarceration, the was nothing on the record to show "undue" or unusual anxiety. In addition, the court noted that there was no evidence that Gonzales's defense was impaired in any way by the delay.

17. The court of appeals found, in summary, that although the length of delay weighed in Gonzales's favor, analysis of the other three factors did not favor the defense, particularly the factor of "reasons for the delay." The court concluded that Gonzales's speedy trial rights were not violated.

18. The Court finds that this conclusion was a reasonable determination of the facts in light of the evidence presented. The state court of appeals went into each separate delay involved in the case, noted the reasons therefor, and concluded not only that most of the delay was caused by, and worked in favor of, the defense, and that no prejudice was shown. The analysis was thorough, and this Court finds nothing unreasonable about it.

19. In addition, although the analysis of the court of appeals relied for the most part on the law of New Mexico, the ruling comports with clearly established federal law. Defendants have a right "to a speedy and public trial" under the Sixth Amendment. U.S. Const. Amend. VI. In determining whether a defendant has been deprived of his constitutional right to a speedy trial under the Sixth Amendment, a court should consider and balance the four factors utilized by the New Mexico Court of Appeals in its opinion on Gonzales's direct appeal. Barker v. Wingo, *supra*; Doggett v. United States, 505 U.S. 647, 651 (1992); United States v. Dirden, 38 F.3d 1131, 1137 (10th Cir. 1994). In addition, under the Barker v. Wingo analysis, prejudice is assessed in light of three interests: "(1) prevention of oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." United States v. Jenkins, 701 F.2d 850, 857 (10th Cir. 1983), *overruled on other grounds*, Batson v. Kentucky, 476 U.S. 79 (1986).

20. The court's analysis of Gonzales's claim of speedy trial violation was in keeping with federal standards for such analysis. This Court thus finds that the state court's ruling was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court.

*Claim Two: Ineffective Assistance of Counsel*

21. In Claim Two, Gonzales asserts that his trial counsel was constitutionally ineffective in that counsel "so utterly failed to defend against the charges that the trial was the functional equivalent of a guilty plea" and because counsel failed to file a Notice of Appeal. [Doc. 1, at 7].

22. While Gonzales does not provide details as to his attorney's alleged failings at trial, he attaches several documents to the petition which indicate that Gonzales had to file his own *pro se* Notice of Appeal after his trial attorney failed to do so, and that counsel also failed to file a docketing statement, even after being ordered to do so by the New Mexico Court of Appeals. [*See* attachments to Doc. 1]. Gonzales also attaches to his petition a document entitled "Petitioner's Continued Theory of Ineffective Assistance of Counsel," which he apparently filed with the New Mexico Court of Appeals. In this document, he states that his trial attorney failed to communicate with him and failed to file any pleadings, and that he should have been appointed private counsel. He also includes several *pro se* pleadings which he filed on his own during the course of the trial, in spite of the fact that he was represented by counsel.

23. Gonzales was represented on appeal by the Appellate Public Defender. While an allegation of ineffective assistance of counsel is normally raised in collateral proceedings rather than on direct appeal, the negligence of trial counsel in this case, in failing to file the Notice of Appeal and to follow up with the docketing statement in violation of a court order, was so apparent that appellate counsel included it in the docketing statement [Doc. 8, Ex. C] and it was considered by the court in ruling on the direct appeal.

24. The U.S. Court of Appeals for the Tenth Circuit usually declines to consider claims of ineffective assistance of counsel when raised on direct appeal, citing a preference for presentation of such claims in collateral proceedings. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995); United States v. Callirgos-Navetta, 303 Fed. Appx. 585, 589 (10th Cir. 2008). However, the fact that the New Mexico courts chose to address the issue in Gonzales's direct appeal does not compel the conclusion that the state courts' decisions were contrary to, or involved an unreasonable

application of, clearly established federal law as determined by the Supreme Court. There is no "rigid constitutional rule" prohibiting state courts from considering, or even requiring, presentation of ineffective assistance claims on direct appeal. English v. Cody, 146 F.3d 1257, 1262-63 (10th Cir. 1998).

25. The state court of appeals applied the state standard for determining whether counsel rendered ineffective assistance, which is identical to the federal standard as set out in Strickland v. Washington, 466 U.S. 668, 687 (1984): *i.e.,* to establish ineffective assistance of counsel, petitioner must make a two-pronged showing: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.

26. The New Mexico Court of Appeals rejected Gonzales's claim that the lack of defense motions in the record (aside from two motions from counsel requesting the right to withdraw), and his numerous *pro se* motions, prove that his counsel was ineffective. The court pointed to the presumption of competence under New Mexico law, which exists as well in federal law (*see*, Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998); Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995)).

27. The state court of appeals also noted that the fact that no motions were filed does not in and of itself support a claim for ineffectiveness, as counsel will not be held ineffective for failing to file a motion that is not supported by the record. Tenth Circuit authority is the same. United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995) (it does not constitute ineffective assistance to fail to make a futile argument); United States v. Snyder, 787 F.2d 1429, 1433 & n.1 (10th Cir. 1986) ("Defendant complains that no motions were filed, but fails to identify one which, if filed, would have affected the outcome of the case . . . . Only those motions having a solid foundation, not every possible motion, should be filed").

28. The court of appeals further held that, while failure to file a timely Notice of Appeal presumptively constitutes ineffective assistance of counsel, in this case Gonzales was not prejudiced because his appeal was accepted as timely. This holding comports with federal law. *See*, Hannon

v. Maschner, 845 F.2d 1553, 1556 (10th Cir. 1988). In addition, it is apparent that Gonzales was not prejudiced by counsel's failings with respect to the the appeal since, as the state court points out, Gonzales's appeal was accepted as timely and he was permitted to present his three claims, including ineffective assistance of trial counsel, to the state's highest court.

29.   This Court finds the state courts' rulings with respect to the claim of ineffective assistance of counsel were neither erroneous nor unreasonable.

*Claim Three: Cruel and Unusual Punishment in Sentencing*

30.   Finally, Gonzales claims that his sentence was disproportionate, that he received ineffective assistance and that the trial was not correctly conducted, thus he suffers cruel and unusual punishment. [Doc. 1, at 9]. This claim was raised and considered in his direct appeal in state court. [Doc. 8, Ex. C at 16; Ex. G at 3, 25-27].

31.   The state court of appeals held that Gonzales failed to preserve the issue for review but determined that, even if he had, "we would nevertheless hold that the sentence does not constitute cruel and unusual punishment." [Doc. 8, Ex. J, at 17]. The Court noted that Gonzales's appellate counsel raised the Eighth Amendment issue pursuant to State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967), and State v. Boyer, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). Those cases set forth counsel's duty to present even non-meritorious issues on appeal, if the client so requests.

32.   Appellate counsel conceded that Gonzales's sentence, while lengthy, was within the trial court's discretion and that the charges, stacked, would account for the time awarded. [Doc. 8, Ex. G, at 26]. The court of appeals found that the sentence given was authorized by the legislature and that it was not exceptionally unfair or disproportionate, given the number of charges for which Gonzales was convicted. [Doc. 8, Ex. J, at 17]. This holding, too, comports with federal law. United States v. MacClain, 501 F.2d 1006, 1013 (10th Cir. 1974) ("A sentence within the statutory limits is not cruel and unusual punishment").

33.   The state courts' holding that Gonzales's sentence did not violate the Eighth Amendment's prohibition on cruel and unusual punishment is not contrary to, nor does it involve

an unreasonable application of, clearly established federal law, and it does not represent an unreasonable determination of the facts in light of the evidence presented.

## Conclusion

34.  Gonzales presented all of the claims raised in this federal habeas petition to the New Mexico state courts in his direct appeal, and all claims were rejected by the state courts.  The decisions are in line with clearly established federal law and otherwise meet the requirements of Williams v. Taylor.  This Court therefore defers to the state court decisions and recommends that Gonzales's federal petition be dismissed.

## **Recommended Disposition**

(1) That the Petition be denied and all of Petitioner's claims be dismissed with prejudice; and

(2) That Petitioner's "Motion for Decision on Whether or Not Too [sic] Dismiss Petition Voluntarily" [Doc. 12] be denied, as it does not constitute a proper motion but rather a notice from Petitioner which this Court took into account in the above analysis.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge